Filed 6/19/15  County of San Diego v. S.S. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO,<br><br>    Respondent,<br><br>    v.<br><br>S.S.,<br><br>    Appellant;<br><br>A.S.,<br><br>    Respondent. | D065852<br><br><br><br>(Super. Ct. No. DF196303) |

APPEAL from an order of the Superior Court of San Diego County, James T. Atkins, Commissioner.  Affirmed.

S.S., in pro per., for Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Marina L. Soto, for Respondent County of San Diego.

INTRODUCTION

Father challenges a trial court order determining he owes child support arrears based on orders issued in a child support action filed by the San Diego County Department of Child Support Services (Department) (child support action). He contends: (1) he does not owe arrears because the Department sent him a letter in 2008 closing the child support action; (2) there were no subsequent orders reinitiating his child support obligation; (3) he and mother entered into a marital settlement agreement in a separate dissolution action setting his child support obligation to zero; (4) the trial court failed to review his parenting timeshare and the Department's 2008 letter before reaching its decision; and (5) the Department's accounting confused his child support obligation in the child support action with his child support obligation in the dissolution action, burdening him with double payments.

We conclude father has forfeited these contentions by failing to support them with record citations and legal analysis. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Even if he had not forfeited these contentions, the record does not support them. We, therefore, affirm the order.

BACKGROUND

*Child Support Action*

In September 2006 the Department filed a paternity and child support action against father. The Department's initial papers included the following advisement, "If a support order is entered and, at a later date, you believe a change of circumstances may require a modification of your order, you should be aware that: [¶] . . . [¶]–your liability

2

for support as ordered will continue to run until it is changed by court action.  Only the court can change your obligation."

Father admitted paternity and the court ordered him to pay monthly child support of $300 effective July 2006.  The court based the amount of child support in part on father having a 42 percent parenting timeshare.

At a later hearing, the court reduced father's monthly child support obligation to $118 effective January 2007 and ordered him to pay an additional $40 per month toward arrearages effective February 2007.  Again, the court based the amount of child support in part on father having a 42 percent parenting timeshare.

In September 2008 the Department notified father it was ending its services in the child support action.  The Department also notified him the "case may remain open with the State of California for payment processing only."[1]

*Dissolution Action*

In November 2012 in a separate dissolution action, the court ordered father to pay mother monthly child support of $340 effective August 2012.  The court also found father owed mother $1,360 in child support arrears as of November 8, 2012, and ordered him to pay $25 a month toward the arrears beginning December 1, 2012.

In August 2013 the trial court entered an order in the dissolution action increasing father's monthly child support obligation to $407, effective June 1, 2013.  The order

---

[1]     The record does not indicate why the Department terminated its services.

3

provided, "All other orders not in conflict with this Order shall remain in full force and effect."

*Arrears Based on Orders in Dissolution Action*

In September 2013 the Department resumed its services. The same month, the Department filed a motion for a judicial determination of arrears. The motion was based on the child support orders issued in the dissolution action and included a declaration from mother stating father's support history from August 2012 to September 2013. The court subsequently determined father owed arrears of $1,531 in principal and $58.86 in interest for the period of August 1, 2012 through August 31, 2013.

*Arrears Based on Orders in Child Support Action*

In November 2013 the Department filed a second motion for a judicial determination of arrears. This motion was based on the child support orders issued in the child support action and included a declaration from mother stating father's support history from October 2006 through August 2013. The Department also filed a motion to modify father's child support obligation. At a hearing in January 2014, the court reduced father's monthly child support obligation to $314 effective December 2013 and reserved jurisdiction over the issue of arrears. At a subsequent hearing in March 2014, the trial court found father owed mother child support arrears of $10,582.16, consisting of $7,532.58 in principal (from July 2006 to July 2012) and $3,049.58 in interest (from July 2006 to December 2013).

4

DISCUSSION

Father contends the trial court erroneously found he owed arrears based on the orders issued in the child support action because the Department terminated its services in the child support action, he entered into a marital settlement agreement setting his child support obligation to zero, the trial court failed to take these facts and his parenting timeshare into consideration when it established the amount of arrears, and the trial court's calculations of arrears from the orders issued in the dissolution action and the orders issued in the child support action overlapped.

As previously stated, father has forfeited these contentions by failing to provide record citations and legal analysis. (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793.) Moreover, the record simply does not support them.

We review child support orders for abuse of discretion. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282.) "Our review is limited to determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion. [Citation.] We do not substitute our judgment for that of the trial court, but confine ourselves to determining whether any judge could have reasonably made the challenged order." (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

Here, the court's orders in the child support action were not contingent upon the Department's continued provision of services. In addition, nothing in the Department's notification to father indicated the Department's termination of its services also terminated father's child support obligation. To the contrary, the notification indicated

5

the case may be left open for payment processing purposes. Moreover, the initial papers filed by the Department in the child support action expressly informed father any child support orders issued in the action could only be modified by the court. (See *In re Marriage of McCann* (1994) 27 Cal.App.4th 102, 107 [California's interest in protecting children's welfare requires a court to determine when to terminate court-ordered child support].) The record does not contain any court order modifying father's child support obligation due to the Department's termination of its services.

Similarly, the record does not contain a marital settlement agreement, court approved or otherwise, modifying father's child support obligation. Although the court issued a superseding child support order in the dissolution action (Fam. Code, § 17404, subd. (d)), the court expressly left all prior nonconflicting orders in place, which included the orders issued in the child support action through July 2012.

Furthermore, the record shows the court considered father's parenting timeshare when it entered the orders in the child support action. Father has not provided any authority, nor are we aware of any, requiring the court to reconsider his parenting timeshare when calculating arrears under prior valid orders.

Finally, the record does not show the court confused arrears owed from orders issued in the dissolution action with arrears owed from orders in the child support action. Rather, the record shows the court calculated the arrears for the child support action based on orders in effect from July 2006 through July 2012. The orders for child support in the dissolution action did not become effective until August 2012. Thus, there was no

6

overlap in the court's calculations of arrears in the two actions and father has not established any abuse of discretion by the court.

## DISPOSITION

The order is affirmed.  The Department is entitled to its appeal costs.


McCONNELL, P. J.

WE CONCUR:

BENKE, J.

NARES, J.